UNITED STATES DISTRICT AND BANKRUPTCY COURTS

FOR THE DISTRICT OF COLUMBIA

HENRY SEARCY, JR., Pro Se
12804 Willow Marsh Lane
Bowie, Maryland 20720
(202) 904-9052
   VS.

CIVIL ACTION NO.

Case: 1:25−cv−01012 JURY DEMAND
Assigned To : Walton, Reggie B.
Assign. Date : 4/4/2025
Description: Pro Se Gen. Civ. (F−DECK)

THOMAS J. VILSACK, Secretary of Agriculture
Dr. BASIL GOODEN, Under Secretary
 Rural Development
1400 Independence Avenue, S.W.
Washington, DC 20250


UNITED STATES DEPARTMENT OF JUSTICE
Office of the Attorney General
950 Pennsylvania Avenue NW
Washington DC 20530


UNITED STATES ATTORNEY OFFICE
601 D STREET, NW
WASHINGTON, DC 20004


<u>COMPLAINT</u>


NOW COMES the Plaintiff, Henry Searcy, Jr., appearing pro se, and brings suit against the

named Defendants and for cause states as follows:

RECEIVED

APR − 4 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

HARRASSMENT OAO/OPPE STATEMENT OF FACTS

1.  The Plaintiff was the first employee of the Department of Agriculture, Departmental
    Management, Office of Advocacy and Outreach (OAO).  In this capacity as the Director
    of OAO the Plaintiff: a.) worked with Congress to increase the funding for the 2501
    Program; b.) established the Farmworker Coordinator Position; c.) established the
    Advisory Committee on Minority Farmers; d.) established the Beginning Farmers
    Advisory Committee; e.) coordinated the Jackson Lewis civil rights assessment; f.)  wrote
    regulations for all OAO programs; e.) and coordinated programs related to the 1890, 1994
    and Hispanic Serving Institutions.  As the Director of the OAO, the Plaintiff coordinated
    and provided the outreach for the Black Farmers lawsuit settlement, a 1.2-billion-dollar
    class action settlement – the largest settlement in civil rights history.   The OAO reports to
    the Assistant Secretary for Administration (ASA) (**EXHIBIT 2 page 71).**   The ASA has
    the authority to reassign and realign positions associated with the OAO.   Upon
    accomplishing the above, the USDA ASA assigned the Plaintiff to another position within
    the OAO known as section 14218 of the 2008 Farm Bill in 2011 (Exhibit 2 page 18)
    (Exhibit 3 page 1) (Exhibit 3 page 4).  **The section 14218 of the 2008 Farm Bill position
    is a USDA Departmental Management OAO position that per Congress' mandate is
    required to be <u>located</u> within a Rural Development (RD) Mission Area (EXHIBIT 2
    page 25)**.  Upon being located in RD to serve the capacity of section 14218 of the 2008
    Farm Bill, the Plaintiff's profile was placed within the political umbrella within RD; and
    located the Plaintiff in the RD Under Secretary's office (**EXHIBIT 3** page 11) (**EXHIBIT
    3** page 81) (**EXHIBIT 3** page 84)(**EXHIBIT 3** page 91 and 92).    The ASA delegated the
    authority of Section 14218 of the 2008 Farm Bill to the Plaintiff as identified within the

Plaintiff's Position Description (PD) on page 2 (Exhibit 3 page 84). The Plaintiff's section 14218 of the 2008 Farm Bill position was <u>located</u> within the RD at the Secretary's level (**EXHIBIT 3** page 91) in order to:1.) be congruent with the level and location of the OAO, 2501 Program Coordinator (i.e. Kenya Nicholas), Farmworker Coordinator, and the Beginning Farmer Coordinator; 2.) be <u>located</u> at the level and location within RD that has the authority to provide technical assistance; and 3.) per Congress' mandate, report to a director appointed by the Secretary (**EXHIBIT 2 page 60**). This position is also known as the Coordinator for Underserved Rural Areas (CURA); and by statue the position is legally known as 7 USC 6941a (**EXHIBIT 2 page 79**). The section 14218 of the 2008 Farm Bill position, like the 2501 program, has appropriations language which allows for the OAO to coordinate with stakeholders and with Congress for funding. That said, in 2010 the Plaintiff established the first technical assistance program according to the statutory authority of section 14218 of the 2008 Farm Bill in Arkansas, Georgia, and Mississippi (**EXHIBIT 3 page 100**). To establish this program and satisfy Congress' mandate to locate said position within a RD Mission Area, the Plaintiff's PD was reassigned to the RD Rural Housing Service (RHS) Office of the Administrator to utilize the technical assistance authority related to the section 514 of Housing Act of 1949 (**EXHIBIT 3 page 96**). The section 514 technical assistance authority allows for "assisting applicants during the application development, packaging, submission, underwriting and closing processes; and for other transaction details that are considered part of the application process, such as financial analyses, Capital Needs Assessments (CNAs), appraisals, market surveys/studies, and other consultation, advisory and non-construction services." Additionally, the statutory language related to 7 USC 6941a

allows for the Plaintiff to coordinate technical assistance for all USDA Programs. The Plaintiff, upon creating said program, was informed by (Ms. Sherrod) that a similar program existed during the Clinton administration, and it was called the Strikeforce, thus the Plaintiff's OAO called the technical assistance and outreach efforts related to section 14218 of the 2008 Farm Bill - Strikeforce. As a result of the political climate at that time, the Plaintiff's program was expanded by the Secretary of Agriculture and made into a USDA initiative during the Obama Administration. The OAO is an office established within the USDA, Departmental Management for the purpose of increasing minority participation within USDA programs (**EXHIBIT 2 page 63 and 64**). Congress' envisioned that the OAO would house the Farmworker Coordinator position and the CURA position (Exhibit 2 pages 63/64). Upon accepting said position, the Plaintiff attended regular meetings within the RD Under Secretary's office with the current RD **Chief Operations Officer Roger Glendenning** – Roger communicated the budget to the Under Secretary and Deputy Under Secretary in these meetings (Exhibit 3 page 91). The RD promulgated/supported the CURA position within a RD Office of Outreach during the Obama Administration (Exhibit 4 page 157 -158). During the Trump Administration, the Secretary of Agriculture published in the Federal Register that the Office of Partnership and Public Engagement (OPPE) would oversee the functions related to the OAO (Exhibit 5 page 167). Despite being informed by the Secretary of Agriculture that the OAO functions continued to exist within OPPE (Exhibit 5 page 167), the RD management did away with the RD Office of Outreach (Exhibit 6 page 219).

2. On November 2017, the Plaintiff received a memorandum from the Assistant to the Secretary for Rural Development (RD) that stated, "….In addition, staff assigned to the Office of Outreach and Community Engagement will either be <u>realigned</u> to the new Office of External Affairs or the new RD Innovation Center.  Additional communication regarding staff realignments will be provided to employees of the RD Office of Outreach and Community Engagement. Employees will be realigned to the new organizations effective November 28, 2017 (**EXHIBIT 4 page 120**). Management does not anticipate any changes to employee duties and responsibilities or any adverse impact in the operations and services offered by these organizations…."

3. After the United States Department of Agriculture (USDA) Departmental Management reorganization and the RD reorganization/renaming, on November 2017, Scott Williams, a representative of the ASA Office held a meeting to inform the Plaintiff that his Office of Outreach (OAO) duties would be "realigned" to the Office of External Affairs (OEA) as a result of the USDA Departmental reorganization (**EXHIBIT 4 page 1**). During this meeting, Scott Williams, the ASA chief of staff, said, "there would be no changes to the Plaintiff 's duties and responsibilities" (**EXHIBIT 4** page 120).

4. On November 2018, the USDA Office of the Secretary published in the Federal Register 7 Code of Federal Regulation (CFR) Part 2 which stated, "….The rule also revises the delegations to recognize the establishment of the Office of Partnerships and Public Engagement (OPPE), which now oversees the Office of Advocacy and Outreach (OAO)…."(**EXHIBIT 5** page 167).

5. As a result of a RD reorganization/renaming, the Plaintiff 's OAO functions were "realigned" to the OEA (**EXHIBIT 4 page 120**). *(At all times hereto, the Plaintiff*

*believed that he was "realigned" according to the OPM definition of "realignment" which says a realignment is the movement of an employee when an organization change, the employee stays in the same agency, there is no change in the employee's position, grade or pay. (EXHIBIT 4 page 122).*

6. During an October 2018 quarterly performance review meeting Ms. Wheat, the Director of OEA, informed the Plaintiff that a budget related to his OAO duties was not available. Ms. Wheat said that help was needed within OEA related to editing, processing, and reviewing RD project announcements in the Congressional Announcement Tracking System (CATs) *(At all times hereto, the Plaintiff believed his OAO duties were "realigned" to the OEA and a budget would be available soon to conduct OAO duties)* (**EXHIBIT 4** page 121*).*

7. In January 2019, after the government shutdown, the Plaintiff returned to his OAO office, room 2118, only to find that all of his belongings within his office were moved from his single office in room 2118 to a group office on the 4th floor (room 4045). The Plaintiff spoke with the RD Space Coordinator, Julie Henderson who stated that the Plaintiff was moved because **there was a RD policy that allowed only supervisors and directors to have a single office**. The Plaintiff said that he was working on OAO duties.  The Plaintiff gave an example of a OAO duty in which he worked on in the past which was the outreach for the Black Farmers Settlement; and other departmental minority outreach. The Plaintiff then asked Julie Henderson, "How did she know that he was not a supervisor or Director? And Plaintiff received no response. The Plaintiff 's

OAO office room 2118 was given to a white female employee (**EXHIBIT 19** Wert p. 280).

8.   In March 2019 Ms. Wheat met with the Plaintiff, in the meeting she asked the Plaintiff "what was going on between him and Julie Henderson, the RD Space Coordinator? – it seems as though she has it out for you". Ms. Wheat told the Plaintiff that Julie Henderson told her that she needed to put the Plaintiff in his place, and she reminded Ms. Wheat that she was the boss. The Plaintiff informed Ms. Wheat that he moved to OEA space in the subbasement (room 316A-S) adjacent to the OEA timekeeper, John Hall (**EXHIBIT 21 p.296**). During this March 2019 meeting, the Plaintiff informed Ms. Wheat that his position was the Coordinator for Chronically Underserved Rural Areas which is 7 USC 6941a an OPPE/OAO position that per Congress' mandate is located within a RD mission area.

9.   From December 2018 through January 2020, Ms. Wheat and Julie Henderson conspired to relocate the Plaintiff 's OAO's location within the USDA facility. In December 2018, Plaintiff received an email abruptly moving his OAO office to room 4045 while on leave.  In April 2019, Plaintiff received an email from the Director saying, "Henry – it has come to my attention that you are not sitting in your designated office space.  On August 2019, Plaintiff received an email from Julie Henderson that said, "Hi Henry it has been brought to my attention that you never relocated to room 4018; however, your boxes are there. On October 15, 2019, Plaintiff received an email from Ms. Wheat commanding Plaintiff to move to room 4168. On October 17, Plaintiff received an email from Ms. Wheat mandating the Plaintiff to relocate from 4168 to 4807

(**EXHIBIT 4**-page 150 MW email). In February 2019, the Plaintiff was conducting a conference call related to his OAO duties, when a man entered the office stared until he saw the Plaintiff and left the room. The Plaintiff would then receive emails from either Julie Henderson or Marie Wheat. This happened on three occasions while the Plaintiff was performing his OAO duties in room 4045 (**EXHIBIT** 21 HALL p.296) (**EXHIBIT** 19 WERT p.280).

On February 2020, because of being moved so often, the Plaintiff met with Duane Williams, the USDA Director for the Office of Operations in Departmental Administration, who was the coordinator of the ONEUSDA Initiative, to ask why the ONEUSDA Initiative moved him so often? Duane Williams informed the Plaintiff that the ONEUSDA Initiative for RD had not started and that RD's ONEUSDA was scheduled to start April/May 2020 (**EXHIBIT 20** Miller p.345-349).

10. On March 2019, during a performance review, the Plaintiff asked Ms. Wheat about the budget for his OAO duties.  Ms. Wheat said a budget for the Plaintiff 's OAO duties was not available.

11. On July 2019, during a performance review, Ms. Wheat mentioned that she was aware that the Plaintiff received a higher salary than her and everyone within OEA.  Ms. Wheat told the Plaintiff that she needed to get more out of him, she asked the Plaintiff to identify other skills related to OEA functions.  The Plaintiff then asked Ms. Wheat about the status of the budget for his OAO duties for a third time – Ms. Wheat said, "they took that money!" – besides OEA does not do OAO functions.  The meeting took a turn when the Plaintiff asked Ms. Wheat to allocate OAO duties through OEA funds.  Ms. Wheat responded by saying "you do not get to spend OEA funds!" and OEA does not provide

OAO functions.  The Plaintiff expressed his lack of interest in performing OEA functions.  The meeting became heated when **Ms. Wheat said she will MANDATE the Plaintiff to perform OEA functions and require him to move to room 4168**.  Plaintiff asked Ms. Wheat if she was a Political/Senior Executive?  Plaintiff explained that his position was related to a statue that required his position to report to a director that is appointed by the Secretary from among the competitive service (**EXHIBIT** 2 page 60). *(At all times hereto, the Plaintiff believed that the Director of OEA, Ms. Wheat, was appointed by the Secretary from among the competitive service only to discover that she was not appointed by the Secretary from among the competitive service.)*

12. On October 15, 2019, Ms. Wheat called the Plaintiff and said that she sent an email on October 8, 2019, in which she was seeking a response. The Plaintiff said he did not receive the email and asked Ms. Wheat to forward the email again to his attention. In the email entitled Time and Attendance/Office Space, the Director alleged that, 1.) Plaintiff was AWOL from September 30-October 8th as the Director stated "Henry- Based on my personal observations, I have reason to believe you were not present for duty, and were not on approved leave on Monday, September 30 through October 8th, 2019." 2.) the Director's email mandated evidence from the Plaintiff of working September 30th-October 8th, 2019. The email further stated if evidence was not provided Plaintiff would be coded AWOL; 3.) The Director's email informed the Plaintiff that she will be conducting a Management Inquiry into issues concerning the Plaintiff's time and attendance; 4.) the email mandated Plaintiff to participate in the investigation; 5.) the email further required Plaintiff to send a time tracking email daily to record his start time, and departure time in an email to Ms. Wheat; 6.) the time tracking emails required the Plaintiff to send a daily

<u>time tracking</u> email within 10 minutes of the Plaintiff's arrival/departure in order to validate Plaintiff's time sheet; and 7.) the email directed the Plaintiff to move to vacant space in room 4168; and 8.)

On October 16, 2019, Plaintiff received an email from the Director stating that he was not at work on October 15, 2019, and required him to submit leave. The Plaintiff responded via email by reminding the Director that he was at work as he assisted Danielle Logan with one Broadband Pullup and one American Prospers Pullup for a local outreach event. The Plaintiff also reminded the Director that he spoke to the Director at 4:45 pm from work. (*The Director did not provide Plaintiff her basis of the above allegations as she was on leave several days during the above-mentioned timeframe.*)

13. On October 31, 2019, during a performance review meeting, Ms. Wheat had the employee relations representative Jeryl McDowell attend. During the meeting, Ms. Wheat said that she removed him from his functions on the United States Interagency Council for the Homeless (USICH) to allow a political to take his place. The Plaintiff explained that his profile is within RD's political umbrella and that he had the same rights as a political because of his OAO functions (**EXHIBIT 3** page 92). The meeting continued and Ms. Wheat said she did not review the Plaintiff's 2019 Fiscal Year accomplishments sent to her attention by the Plaintiff. Ms. Wheat then began discussing errors related to the Plaintiff's processing, editing, and reviewing RD project announcements in the CATs. Ms. Wheat asked if the Plaintiff needed training with editing, processing, and reviewing items in CATs. Upon discussing CATs and the work performed related to "helping" OEA, the Plaintiff communicated his accomplishments that were submitted to Ms. Wheat related

to his section 14218 of the 2008 Farm Bill position.    Ms. Wheat said that all she knew was that the Plaintiff was "reassigned" to her and that she guess she could create a position for the Plaintiff to do special projects within OEA.  Ms. Wheat gave the Plaintiff a rating of Fully Successful based on editing, processing, and reviewing RD project announcements.  Ms. Wheat asked for a copy of the law related to the Plaintiff's position.  The Plaintiff provided Ms. Wheat a copy of the section 14218 of the 2008 Farm Bill law on December 2019. (*The Plaintiff informed Ms. Wheat, his immediate supervisor, that he was wrongfully reassigned to the RD OEA. He told Ms. Wheat that his position was section 14218 of the 2008 Farm Bill, also known as 7 USC 6941a- At all time hereto, the Plaintiff believed that his OAO functions and his section 14218 of the 2008 Farm Bill position*)

On October 17, 2019, the Plaintiff received an email from Ms. Wheat requiring the Plaintiff to relocate from 4168 to 4807. In October 2019, the Plaintiff received an email from Ms. Wheat commanding the Plaintiff to move to room 4168; On the day of the move to room 4168, the Plaintiff was sitting at Weldon Freeman's desk using his docking station because Dan Shields was sitting in the first seat. As soon as Dan Shields left the room, Ms. Wheat kicked in the door of room 4168 and yelled in an abusive aggressive manner at the Plaintiff, "**GET OUT OF WELDON FREEMAN'S SEAT NOW AND SIT IN ROOM 4807 - NOW!** The command by Ms. Wheat required the Plaintiff sit in a handicap desk – the Plaintiff is over six feet tall. (EXHIBIT 21 Hall)(EXHIBIT 19 Wert). (*Ms. Wheat and Julie Henderson changed the Plaintiff's physical location five times in eight months. the Plaintiff was relocated*

*from his room 2118 OAO office, to room 316a-s, to room 4045, to room 4018, to room*

*4168, to room 4807 in order to force the Plaintiff to perform only OEA duties.*)

In addition to kicking in the door and requiring the Plaintiff to sit in a handicap

scat, Ms. Wheat monitored the Plaintiff through CATs and through other OEA

employees (i.e. Leslie Brown) to force him to review the RD project announcements

he needed to complete (**EXHIBIT 18 328**) (**EXHIBIT 4** page 138 -151 X)(**EXHIBIT**

**4** 138-151  Y). *(At all times hereto, the Plaintiff 's PD was not updated to perform*

*OEA duties but the Plaintiff was forced to perform OEA duties. The page 2 of the*

*Plaintiff 's PD stated "....per section 14218 of the 2008 Farm Bill, serves as the*

*Coordinator for Chronically Underserved Rural Areas and provides advice and*

*guidance to the Deputy Under Secretary on Implementation of program RD has*

*responsibility...."(**EXHIBIT 3** page 84).*

14. On October 2019, the Plaintiff immediately contacted HR to receive an official copy of his

Position Description (PD).  Upon receiving his PD, the Plaintiff observed that his original

PD has been falsified, altered and/or mutilated.  On page 2 sixth paragraph of the Plaintiff

's PD the name Deputy Under Secretary was crossed through and replaced by the name

Director of LAPAS.  Page two sixth paragraph read as follows: "per section 14218 of the

2008 Farm Bill, serves as the Coordinator for Chronically Underserved Rural Areas and

provides advice and guidance to the Director of LAPAS on implementation of programs

RD has responsibility."  The reference to the Director of LAPAS replaced the reference to

the Deputy Under Secretary. The Plaintiff further observed that pages 2-7 removed every

reference of the Plaintiff being located within a RD Mission Area to require him to report

to LAPAS. Lastly, the Plaintiff 's PD was changed on page 1 to remove the Plaintiff from

the RD Mission Area, the Rural Housing Service, to require the Plaintiff to be located with the newly reorganized OEA. The PD was dated July 2011 (**EXHIBIT 3** pages 80-90). (As a result of the RD reorganization/renaming, RD *LAPAS was renamed OEA.*)

15. In November 2019, upon seeing the changes to his PD, the Plaintiff contacted HR again. The Plaintiff spoke to Jan Turberville in RD HR and asked why his position description was marked and crossed through? Jan Turberville said, **Angilla Denton reassigned the Plaintiff to the OEA.** Jan Turberville said that Angilla Denton forced her to cross out every reference of the Plaintiff reporting to the Deputy Under Secretary for RD, the Office of the Administrator and the Administrator of Rural Housing and replace those references with the LAPAS and/or OEA. Jan Turberville also said that she tried to explain to the COO, Angilla Denton that she was wrong because the Plaintiff's position was related to the USDA, Departmental Management, OAO and a law. Jan Turberville further stated that despite explaining to **Angilla Denton** that her requirements were wrong and contrary to the law (7 USC 6941a), **Angilla Denton forced** Jan Turberville to make the changes to the Plaintiff's PD (**EXHIBIT 3 p.84**). Jan Turberville said that the Plaintiff should not be required to perform duties that are not a part of the Plaintiff's PD. The Plaintiff filed a Whistle Blower complaint because a RD grievance procedure was not in place at that time (**EXHIBIT 4** page 131). (*At all times hereto, the Plaintiff's section 14218 of the 2008 Farm Bill position is a part of the Office of Outreach and the Office of Outreach reports to the Assistant Secretary for Administration (ASA). Thus, the Plaintiff's section 14218 of the 2008 Farm Bill position is a USDA Departmental Management Position not a RD position.*)

In January 2020, Ms. Wheat, and the Plaintiff met for a quarterly performance review. The RD Employee Relations representative Jeryl McDowell once again attended the meeting. During this meeting, Ms. Wheat asked the Plaintiff with a smile on her face, **"How do you like your new desk!"** Ms. Wheat was referring to the handicap desk she made the Plaintiff sit in order to change his physical location within USDA RD in order to require the Plaintiff to perform only OEA functions. During the meeting the Plaintiff, Ms. Wheat and Jeryl McDowell discussed their understanding of what "realigned" to the OEA means. Ms. Wheat's definition of realignment meant to perform OEA functions only. Jeryl McDowell said that he did not see being realigned to the OEA as a removal of the Plaintiff's OAO duties, but a reassignment of duties to be aligned with his position. The Plaintiff disagreed with both the RD employee relations representative, Jeryl McDowell and Ms. Wheat because both of their definitions were contrary to the OPM definition of realignment after a reorganization (**EXHIBIT 4** page 122). The meeting ended with Ms. Wheat, the Plaintiff and Jeryl McDowell agreeing that an Office of General Counsel (OGC) review of section 14218 of the 2008 Farm Bill and the definition of "realignment after a reorganization" was necessary in order to resolve this situation. (*From February 2019 to September 2020, RD Employee Relations Representative Stephanie Mitchell advised Ms. Wheat to change the Plaintiff's PD because the PLAINTIFF'S PD was not compatible to perform the functions of the RD Office of External Affairs (OEA). At all times hereto, the Plaintiff believed that the OGC was reviewing the Plaintiff's PD as it related to the being "realigned" and the section 14218 of the 2008 Farm Bill.*)

14

16. In March 2020, the Plaintiff visited the RD Office of Budget and Program Analysis (OBPA) and spoke to the Deputy Director Leslie Barrak. During the meeting, the Plaintiff identified that 7 CFR 2.17(a)(29) required the Assistant to the Secretary for RD to fund section 14218 of the 2008 Food, Conservation and Energy Act of 2008. The Plaintiff asked why the law was not funded? The Deputy Director of RD OBPA said that Ms. Wheat never submitted a budget requesting funding for section 14218 of the Food, Conservation and Energy Act of 2008. Leslie Barrak said that if a request was submitted that she could fund said request using Salary and Expense funds. Leslie Barrak further stated that Ms. Wheat was responsible for submitting the request to fund section 14218 of the Food, Conservation and Energy Act of 2008. The meeting ended, by the Deputy Director of RD, Leslie Barrak suggesting that the Plaintiff should reach out to his congressman to see if funds could be made available within the Appropriations Congressional Report. (At all times the Plaintiff believed Ms. Wheat was coordinating a budget with OBPA for his OAO functions related to the law).

17. On April 23, 2020, during a performance review, Ms. Wheat and **Stephanie Mitchell**, a RD employee relations representative, **enforced** Ms. Giles' and Ms. Wheat's action. During this meeting Ms. Wheat mentioned unprocessed CATs files that needed to be edited and processed during the month of January. The Plaintiff asked about the status of OGC's review of his position related to the law (7 USC 6941a or sec. 14218 of the 2008 Farm Bill). The employee relations representative, Stephanie Mitchell interjected by saying "this meeting is not to discuss the law only your performance". After Stephanie Mitchell's interjection, Ms. Wheat said to the Plaintiff, from this point forward, the Plaintiff was to perform <u>only</u> OEA functions which would be to edit, process, and review

RD project announcements in the CATs. The Plaintiff asked about the legal review of his section 14218 of the 2008 Farm Bill position again and **Stephanie Mitchell**, the employee relations representative, responded by saying "if you do not like this action, you are more than welcome to file whatever grievance action that is appropriate.  The Plaintiff expressed to **Stephanie Mitchell**, the employee relations representative, and Ms. Wheat that "**NO ONE SHOULD BE FORCED TO DO WORK THAT IS NOT A PART OF THEIR JOB DESCRIPTION!**" - then both Ms. Wheat and Stephanie Mitchell hung-up. (At all times hereto, the Plaintiff believed that OGC was reviewing the section 14218 of the 2008 Farm Bill to determine if the Plaintiff was located correctly after the USDA Departmental Management reorganization and the RD reorganization/renaming.)

18. On April 2020, Misty Giles and Ms. Wheat removed the Plaintiff's OAO duties identified as section 14218 of the 2008 Farm Bill and **forced** the Plaintiff to perform OEA functions only. While performing the OAO duties prior to the USDA Departmental Management reorganization and the RD reorganization/renaming, the Plaintiff represented USDA's OAO at the USICH's National Women of Color meeting related to the COVID-19 Pandemic due to its impact within the African American Community. During a conference call on April 2020, the HUD's USICH Director Robert Marbut, Darren Franklin and Rexanah Wyse informed the Plaintiff that Ms. Giles, the RD Chief of Staff and Ms. Wheat called them and said that the Plaintiff was not to be performing such functions for USDA or RD on the USICH. (*At all times hereto, the Plaintiff believed that his OAO duties would continue because the OAO continued to exist.*)

19. On April 2020, the Plaintiff filed an EEO complaint.

20. On May 2020, during the Informal Stage of the EEO complaint, the Plaintiff's EEO counselor Dewayne Malone communicated to Ms. Wheat that the Plaintiff was "realigned" to OEA not "reassigned" to OEA (**EXHIBIT 5** page 152) as per his SF 50 (**EXHIBIT** 4 page 121). (*The Office of Personnel Management (OPM)'s definition of realignment is the movement of an employee and employee's position when an organization change, the employee stays in the same Agency and there is no change in the employee's, position, grade or pay (***EXHIBIT 4** *page 122*).

As a result of the Informal EEO complaint process, the Plaintiff was offered a Settlement Offer from Angilla Denton, the Resolving Official. The Settlement Offer proposed an offer for the Plaintiff to be located within the RD Innovation Center if he agreed to dismiss both his MSPB complaint and his EEO complaint – the Plaintiff did not sign or accept the proposed Settlement Offer from Angilla Denton (**EXHIBIT 6** pages 201-204). On May 2020, the Secretary of Agriculture signed the USDA Harassment Policy (**EXHIBIT 4** pages 134-136)

21. On September 2020, the Plaintiff attended a conference call meeting with Misty Giles, Angilla Denton, and David Root. In this meeting the Plaintiff was informed that he was being relocated to the RD Innovation Center. The Plaintiff asked David Root if he was being relocated according to the law (section 14218 of the 2008 Farm Bill). David Root said, "You are being relocated to the RD Innovation Center; but I am not sure if you are being relocated according to the law." David Root also said that management can reassign any position even positions related to statue (Exhibit Root). (*At all times hereto, the Plaintiff believed that his section 14218 of the 2008 Farm Bill position was*

*a USDA Departmental Management Position within OAO that Congress required to be*

*located within a RD Mission Area- the Plaintiff's section 14218 of 2008 Farm Bill*

*position is not a RD position)*

22. On October 2020, the Plaintiff reviewed his SF 50 and discovered that the Plaintiff was
"reassigned" to the RD Innovation Center instead of "realigned" to the RD Innovation
Center. The Plaintiff contacted RD Human Resources (HR) and informed Jennifer
Redman, the RD HR representative, that his position was supposed to be "realigned"
not "reassigned" (**EXHIBIT 3** page 93).

**THE PLAINTIFF INFORMED THE RD HUMAN RESOURCES REPRESENTATIVE,**

**JENNIFER REDMAN, THAT TWO JOBS WERE LISTED ON HIS PD.** The title of the

Plaintiff's PD states that the Plaintiff is performing the functions of the Economic and

Community Development Policy and Outreach Coordinator position (Exhibit 3 page

2). However, Page 2 of the Plaintiff's PD states "Per section 14218 of the 2008 Farm Bill,

serves as the Coordinator for Chronically Underserved Rural Areas and provides advice and

guidance to the Deputy Under Secretary on implementation of programs RD has responsibility.

"(Exhibit 3 page 84)  **(EXHIBIT 5 page 174)(Exhibit 2 page 79).**

The Plaintiff informed the RD Human Resource Representative that the position the Plaintiff

was performing since 2011 was located on page 2 of his PD. The Page 2 of the Plaintiff's PD

states, **"PER SECTION 14218 OF THE 2008 FARM BILL, SERVES AS THE**

**COORDINATOR FOR CHRONICALLY UNDERSERVED RURAL AREAS AND**

**PROVIDES ADVICE AND GUIDANCE TO THE DEPUTY UNDERSECRETARY ON**

**IMPLEMENTATION OF PROGRAMS RD HAS RESPONSIBILITY...." (EXHIBIT 3 page 84).**

Upon arriving to the RD Innovation Center (IC), the Plaintiff informed Kim Berry, his RD IC immediate supervisor, that he was wrongfully reassigned to the RD IC. The Plaintiff further informed the Ms. Berry that his position was section 14218 of the 2008 Farm BILL which is also known as 7 USC 6941a. *The Plaintiff was not reassigned to a different PD nor was the Plaintiff's PD updated to perform duties related to the RD Innovation Center-* the Plaintiff's PD remains unchanged (**EXHIBIT 3** pages 81-91). *At all-time hereto, the Plaintiff believed that his OAO functions and his section 14218 of the 2008 Farm Bill position were reassigned to an RD Mission Area per 7 USC 6941a)*

23. On October 2020, the Plaintiff filed a subsequent reprisal complaint with the MSPB because he discovered that the RD IC was not a RD Mission Area (**EXHIBIT 2** page 74)(*At all times hereto, the RD Mission Areas are: Rural Business Service (RBS), Rural Utilities Service (RUS), and Rural Housing Service (RHS).*

24. On November 2020, the Plaintiff was informed that there was no USDA policy on daily time tracking (**EXHIBIT 4** page 133). Also on November 2020, Ms. Wheat and Misty Giles provided the Plaintiff with a Performance Review related to only OEA duties requiring the Plaintiff to enter data into the Congressional Notification System (CATS) within 24 hours (one work day) of receipt (**EXHIBIT 3** ).

25. In December 2020 the Report of Investigation (ROI) provided affidavits related to the allegation that stated, "on October 18, 2020, Management reassigned his position to the RD Innovation Center contrary to Section 14218 of the Food, Conservation and Energy

Act of 2008, which requires the Plaintiff's position to be located within the RD
Mission Area?"

A.) In the RD Chief of Staff, Misty Giles' affidavit, Misty Giles response said, "….
**Plaintiff was in an Outreach and Partnership position that no longer existed**, based
on a reorganization conducted to focus more on pure communications." Misty Giles'
affidavit response to this question further stated that she reassigned the Plaintiff to the
RD Innovation Center based on the recommendation from Marie Wheat, Jacki Ponti,
and Angilla Denton (**EXHIBIT** 11-page 337 MG 9 and 11). Misty Giles states that she
believed that removing the Office of Outreach duties from the Plaintiff's position and
**"forcing" him to perform OEA functions only** to be reasonable and justified
(**EXHIBIT 11-page** 341 MG 36).

B.) In the RD employee relations representative, Stephanie Mitchell's affidavit
stated,1.) that she knew Plaintiff's position was not accurate to be located within the
OEA; 2.) that the Plaintiff was located in the RD Innovation Center as a result of a
settlement negotiation (EXHIBIT SM) 3.) that the Plaintiff's Office of Outreach was
dissolved; 4.) that Mr. Root and I explained to Plaintiff the reassignment was based on the
creation of the Innovation Center, his skillset, and his only wanted to do
Partnership/Outreach work during a telephone meeting. and 5.) that she served as the
litigating attorney in the Individual Right of Action Appeal the Plaintiff filed with the
MSPB (**EXHIBIT 15 p.274**).

C.) In the RD Chief Operating Officer, Angilla Denton's affidavit stated, 1.) that her
involvement in the reassignment included ensuring that the Human Resource office
engaged in evaluating the position description for proper realignment and placement

within the Innovation Center; 2.) that she participated in the meeting with Ms. Giles and the Plaintiff ; and 3.) that she did not have any knowledge of the events associated with the allegation "on April 23, 2020, management removed from his position in the OAO, duties identified by section 14218 of the 2008 Food, Conservation and Energy Act/7 USC 6941a and **forced** him to perform OEA functions only" (**EXHIBIT 6** page 20-23)(**EXHIBIT 12 p.254-270**).

D.) In the RD Employee Labor Relations Director, David Root's affidavit stated, 1.) that it was not his decision to reassign the Plaintiff ; 2.) that he was in the meeting with the Plaintiff  regarding this incident as a consultant to Ms. Denton and Ms. Giles; 3.) that he believes Ms. Giles explained to the Plaintiff  he was being reassigned and why, and that his skillset, position, and duties were a better fit for the Innovation Center than the OEA (**EXHIBIT 13**).

E.) In the Chief Innovation Officer, SES Jacki Ponti's affidavit states, 1.) that she made the decision to put the Plaintiff in the Strategic Engagement Division of the RD Innovation Center (**EXHIBIT 8**). **Jacki Ponti's affidavit response to 23 confirms that management new that the Plaintiff was performing his CURA position as she states, "Plaintiff believes that the position of the CURA is still his sole responsibility and that the position is required by statue to report to the Under Secretary." (Exhibit 8 p.321)**

F.) **The Director of RD ERS, David Root's affidavit response to 12 states**, "I was not involved with any of the decisions leading to the Plaintiff's reassignment (Exhibit 13p.353-354).

G.) In the RD OEA Director Marie Wheats' affidavit said that she was made aware of the Plaintiff's section 14218 of the 2008 Farm Bill functions by the Plaintiff in December 2019. Marie Wheats' affidavit further states that she spoke to her supervisor Misty Giles, employee relations, and employee relations had conversations with OGC about the Plaintiff's position. Marie Wheats' affidavit also stated ".... I had Jeryl McDowell of Employee Relations attend the meeting with me and Mr. Searcy. We discussed performance expectations and Mr. McDowell was helpful in explaining to Mr. Searcy **that he had been reassigned** and was required to do work to support the mission of the OEA". Ms. Wheat further stated in her affidavit response to question 16 "… In our April 2020 meeting to discuss his quarterly performance, Ms. Mitchell (in her role as the agency litigating attorney) attended the meeting to discuss his quarterly performance, Ms. Mitchell attended the meeting and Mr. Searcy did not bring up any issues with his performance plan at that time." (**EXHIBIT 9** MW p.227) (**EXHIBIT 10** MW2).

The Plaintiff informed RD HR ERS representative, Jeryl Mcdowell that his PD had two positions identified. The title of the Plaintiff's PD states that the Plaintiff is performing the functions of the Economic and Community Development Policy and Outreach Coordinator position (Exhibit 3 page 82). On page 2 of the Appellant's PD states "Per section 14218 of the 2008 Farm Bill, serves as the Coordinator for Chronically Underserved Rural Areas and provides advice and guidance to the Deputy Under Secretary on implementation of programs RD has responsibility. " (Exhibit 3 page 84) JERYL MCDOWELL SAID TO THE PLAINTIFF AND MARIE WHEAT THAT HE WAS GOING TO REQUIRE OGC TO LOOK INTO THIS MATTER.

26. On January 2021, the OPPE published 2021 USDA Explanatory Notes that stated, "The OAO is the largest mission area within OPPE and was established as an office under the Food, Conservation, and Energy Act of 2008, Section 14013, P.L. 110-246 in October 2009 (**EXHIBIT 4 page 128**).

27. On January 2021, the Plaintiff filed a subsequent complaint with the MSPB for retaliation/reprisal (**EXHIBIT 1** page 16-18 and p.169).

28. On February 2021, Michell Wert informed the Plaintiff that, the RD ERS Stephanie Mitchell, and Farah Ahmad, the RD Deputy Under Secretary, were the <u>harassment coordinators</u> within RD. Ms. Wert informed the Plaintiff that her harassment claims were being investigated according to according to RD Instruction 2045- LL. (EXHIBIT 1 pages 19-21).

On February 18, 2021, Jacki Ponti, the Director of the RD Innovation Center, during a conference call with Kim Berry, Kellie Kubena, and Michell Wert, Jacki Ponti **forced** the Plaintiff to perform dashboards a function of the RD Innovation Center using "other duties" as assigned as her basis. The Plaintiff communicated to Jacki Ponti that he was aware that she was involved in the reassignment and communicated that her recommended reassignment to the RD IC was wrong (Exhibit 5 pages 177-178). The Plaintiff stated to Jacki Ponti that his position was section 14218 of the 2008 Farm Bill (Exhibit 5 page 18- 19). The Plaintiff further stated to Jacki Ponti that Congress required his position to be located within a RD Mission Area (**EXHIBIT 2** page 79). The Plaintiff also informed Jacki Ponti that the RD Innovation Center is not a RD Mission Area (**EXHIBIT 2** page 74)*( At all times hereto, the Plaintiff was trying to perform his section 14218 of the 2008 Farm Bill which is a USDA Departmental*

*Management position within OAO which Congress mandated to be located within a RD Mission Area (***EXHIBIT 2** *page 79).*

In response, on February 19, 2021, Jacki Ponti requested that the Plaintiff send the statue related to section 14218 of the 2008 Farm Bill statue via email and the Plaintiff's pending MSPB and EEO cases related to her recommendation.  The Plaintiff provided his pending MSPB cases and his pending EEO case via email to Jacki Ponti per her request – she said she was going to look into the matter (Exhibit 5 page 177-178).

29. **On April 2021, Kenya Nicholas, the Deputy Director of the OPPE, informed the Plaintiff that she was contacted by RD ERS Stephanie Mitchell and was asked if the Plaintiff 's CURA position (7 USC 6941a/ section 14218 of the Food, Conservation and Energy Act of 2008) an OPPE position.  Kenya Nicholas confirmed to Stephanie Mitchell that the CURA position was an OAO position; and which OAO positions are overseen by OPPE (Exhibit 1 page 16-18).**

On July 2021, upon reviewing an Agency response to a MSPB motion for Summary Judgment, the Plaintiff observed that the Agency's litigating attorney was **Stephanie Mitchell**. Stephanie Mitchell was also the RD employee relations representative that enforced Misty Giles and Ms. Wheat's request to remove the Plaintiff's OAO duties and force the Plaintiff to perform OEA duties only, in the Plaintiff's April 2020 performance meeting (**EXHIBIT 4** page 197).

On August 2021, the Plaintiff identified to the MSPB Administrative Judge of Stephanie Mitchell's <u>dual</u> role as the RD employee relations representative and as the RD

litigating attorney. The Plaintiff later discovered that David Root, the Director of RD HR, allowed Stephanie Mitchell to function in several roles within RD 1.) as the RD Employee Relations representative; 2.) as the RD harassment coordinator; and 3.) as a RD Litigating Attorney. The Plaintiff also discovered that David Root was Stephanie Mitchell's 2nd line supervisor for (**EXHIBIT** 15 p.272).

30. On October 2021, the Plaintiff received a response from a Freedom of Information Act (FOIA) request to receive a copy of the RD policy that stated non-supervisory GS 15s are not allowed to have a single office space. The FOIA identified that no such policy existed (**EXHIBIT 6** page 222)

31. On December 27, 2021, the Plaintiff received a ruling from the MSPB related to DC-1221-21-0555-W-1. The ruling said DISMISSED WITHOUT PREJUDICE for the Economic and Community Development Policy and Outreach Coordinator position. (At all times hereto, the Plaintiff only pleaded the CURA position. The Plaintiff appealed said ruling) (**EXHIBIT 6** page 197-198).

**ABSENT WITHOUT OFFICIAL LEAVE – AWOL**

32. On February 2022, the Plaintiff, while performing his OAO duties, received requests from OAO stakeholders requesting $25,000,000 to support economic development in rural underserved communities. The stakeholder letters state that the section 14218 of the Food, Conservation and Energy Act of 2008, within Rural Development Mission Area of USDA will help stimulate depressed communities across America (**EXHIBIT 1** pages1b-37b). **Stephanie Mitchell, advised Kim Berry and Jacki Ponti to code the Plaintiff AWOL for performing his OAO/OPPE CURA position** (Exhibit 5 pages 171-172 and 182).

The Agency made the Plaintiff send an email indicating that he was "signed-on" and "signed-off" to his supervisor on record in order for the Plaintiff to receive a paycheck. This requirement was in addition to submitting into the WEBTa timesheet system (**EXHIBIT 3** page 113-118).  The Plaintiff was forced to perform only RD IC functions when his CURA position continued to exist.

33.  On March 2022, the Plaintiff and the rest of the RD Innovation Center was provided a presentation by Carol Wetuski.  In her presentation she stated that she was located within the RD Under Secretary's Office and was allowed to provide technical assistance at the Federal, State and local level.  Carol Wetuski identified that in her current capacity she was allowed to coordinate technical assistance with not just USDA but other Departments (**EXHIBIT 6 pages 209-218**)(At all times the Plaintiff  believed that the duties identified in Carol Wetuski's presentation were the exact duties the Plaintiff  performed in his section 14218 of the 2008 Farm Bill position (**EXHIBIT 6** pages 209-218) (**EXHIBIT 2** page 79).

34.  On April 2022, the Plaintiff filed an EEO complaint for reprisal (**EXHIBIT 4** page 34). During the EEO investigation it was determined that the position Carol Wetuski participated in was the Plaintiff 's section 14218 of the 2008 Farm Bill position.  The Plaintiff 's position is called the Rural Partners Network and is the new name for Strike Force (**EXHIBIT 8** Pages 319-320)(**EXHIBIT 7**). During the alternative dispute resolution, the Plaintiff informed the RUS Administrator Chris McLean that he was wrongfully reassigned within the RD IC after the reorganization. **The Plaintiff told Chris McLean that he was performing the OPPE/OAO position that was offered to Shirley**

**Sherod during the OBAMA Administration – Chris McLean said he remembered that situation.**

35. On November/December 2022, Kim Berry, the Plaintiff's RD IC immediate supervisor retired.  However, before she retired, she provided the Plaintiff his RD IC performance appraisal.  During that performance appraisal the Plaintiff reiterated that he was wrongfully reassigned. The Plaintiff even showed Ms. Berry the legislative history of section 14218 that confirmed that his CURA position was not a RD position (Exhibit 2 p.55-63).  Ms. Berry said that she believed the Plaintiff, but her hands were tied.

Kim Berry said she informed the RD COO, Roger Glendenning that the Plaintiff was wrongfully reassigned because his CURA position is located within RD; and that it was not an RD position; Roger Glendenning, informed her that the Plaintiff had to perform RD IC work until the legal cases were resolved despite his OPPE/OAO functions continued existence.

Ms. Berry later provided the Plaintiff an email she received from Stephanie Mitchell, in her capacity as a HR representative.  The email informed Ms. Berry that the Plaintiff's PD was not compatible to be located within the RD IC.  The email further instructed her to reclassify the Plaintiff's PD to require him to work in RD IC.  The email advised Kim Berry to use disciplinary actions if the Plaintiff did not comply (Exhibit 5 Kim Berry Email) (EXHIBIT 5 page 182).

36. On March 2023, the Plaintiff emailed the RD Human Resource Director, Shelia Williamson to inform her to inform her that I was wrongfully reassigned to the RD IC;

and informed her to CEASE AND DESIST the harassing actions.  The Director Shelia Williamson advised the Plaintiff to file another complaint. (EXHIBIT 1-page pages 1-26).

37. On May 2023, Daniel Webster, the Plaintiff new immediate RD IC supervisor, required the Plaintiff to sign a contract to require him to perform RD IC functions.  The Plaintiff was required to create excel spreadsheets related to the agency's partners and stakeholders. (At all times the Plaintiff's USDA, Departmental Management, OPPE/OAO position allowed for him to communicate Congress on behalf of minority, small limited resource farmers, and perspective farmers related to appropriations for initiatives within chronically underserved rural areas (EXHIBIT 5 page 32)(Exhibit 1 pages 27-31 sign-in and sign-out RD IC).

38. On June 2023, the Plaintiff filed a dual EEO/Harassment Complaint when the motion to consolidate the recent harassment claims within RD 2020-00753 was denied by Judge Hodges RD-2020-00753, Request No. 2023002098.

39. USDA Litigating Attorney, David Organs, submitted to the Plaintiff's attention an agency discovery response which confirms: 1.)  in response 5 the Plaintiff's position is the CURA; 2.) in response 15 the Plaintiff CURA position must be located within a RD mission area; 3.) in response to 17 that the RD IC is not a RD Innovation Center; 4.) in response 19 confirms that the Under Secretary's Office has the authority to coordinate technical assistance; 5.) and response 23 confirms that there is not policy that requires an employee to sign-in and sign-out to their supervisor (EXHIBIT DISCOVERY 1).

40. On June 2023, EEO Counselor, Kavin Johnson issued the write to file his dual EEO and Harassment Claim according to RD Anti-Harassment Policy RD 2045-LL.

On July 2023, the Plaintiff filed a harassment complaint and reprisal complaint related to the actions of RD employee relations representative Stephanie Mitchell.

41. On August 2023, the Plaintiff received a performance review from his immediate supervisor, Daniel Webster, related to the contract as stated above. The Plaintiff submitted a request to the EEO Counselor Kavin Johnson to amend his dual EEO/Harassment claim.

42. On October 2023, Stephanie Mitchell, in her capacity as a litigating attorney, provided the Plaintiff with an Agency response that confirmed: 1.) in response 4 and 5 that the Plaintiff's CURA position was a USDA, Departmental Management, OPPE/OAO position; and said position is not a part of RD's organizational structure. (EXHIBIT DISCOVERY 2 RESPONSE 4 and 5).

43. On November 2023, the Plaintiff filed an amendment to his 2023 June/July dual EEO/harassment complaint with his EEO Counselor Kavin Johnson within 45 days of signing a performance appraisal review related to performing contractual work within the RD IC according to 1631.105. On May 17, 2024, the EEO Counselor to determine why his July 2023 dual EEO/harassment complaint has yet to be investigated? and to amend the dual EEO/harassment complaint to include an April 3, 2024, signed performance appraisal for the RD IC contractual work as stated above. The signed performance appraisal by Daniel Webster and Jacki-Ponti stated that the RD Human Resources

provided the instructions to require the Plaintiff to sign a contract to perform RD IC functions while his OPPE/OAO CURA functions continued to exist.

44. On August 2024, The Plaintiff was informed by the RD EEO that the July 2023 filed dual EEO/harassment complaint related to him being required to sign a contract to perform RD IC functions when his PD required him to perform OPPE/OAO functions WAS NOT INVESTIGATED upon being submitted to the Office of Civil rights and to the RD Office of Human Resources.

45. **On OCTOBER 2024 the Plaintiff filed another dual EEO RD Anti-Harassment Policy and Complaint Procedures (RD Instruction 2045-LL) and included the Office of Inspector General. The letter to OIG AND RD EEO was as follows:** I am writing this dual **harassment complaint** seeking the intervention of the Office of Inspector General Office of Investigation, because the Rural Development (RD) Anti-Harassment Policy and Complaint Procedures (RD Instruction 2045-LL) enables the harassing actions within RD when the RD Anti-Harassment Complaint Reporting Coordinator and the RD Employee Relations Branch (ERB) are the **harassers**. Accordingly, the RD Instruction 2045.1854 states, "…If an individual is not comfortable with confronting the alleged harasser and the offensive behavior has not stopped, the individual should immediately report the behavior to a management official or to the RD Anti-Harassment Complaint Reporting Coordinator…." Pursuant to RD Instruction 2045-LL, the Plaintiff informed a management

official, the RD ERB and the RD Anti-Harassment Complaint

Reporting Coordinator to no avail. Pursuant to RD Instruction 2045-

LL, the Plaintiff informed the management official and RD ERB that

he was located within RD performing an Office of Partnerships and

Public Engagement (OPPE) and Office of Advocacy and Outreach

(OAO) position known as the Coordinator for Chronically

Underserved Rural Areas a position that is referred to as Section

14218 of the 2008 Farm Bill or 7 USC 6941a.  The <u>nexus harassing</u>

<u>actions</u> by the RD Anti-Harassment Complaint Reporting

Coordinator and the RD ERB since 2019 are as follows:

1. Pursuant to RD Instruction 2045-LL in 2019, the Plaintiff informed the RD Management Official, Marie Wheat, that he was wrongfully reassigned to the RD Office of External Affairs (OEA) and the record states that she conspired with RD ERB to move the complaint five times in seven months to force him to attend OEA editing meeting; and made the Plaintiff sign-in and sign-out (Exhibit Brown response 10);

2. Pursuant to RD Instruction 2045-LL in 2020, the Plaintiff informed the RD Anti-Harassment Complaint Reporting Coordinator, Stephanie Mitchell, and she conspired with Angella Denton and Jacki Ponti to enforce the wrongful reassignment to the RD Innovation Center (Amended Complaint);

3. Pursuant to RD Instruction 2045-LL in 2020, the Plaintiff informed the RD Management Official, Marie Wheat, that he was wrongfully reassigned to the RD Office of External Affairs (OEA) and the record states that she conspired with RD ERB to **force** the Plaintiff to edit, process, and review RD project announcements (Amended Complaint);

4. Pursuant to RD Instruction 2045-LL in 2020, the Plaintiff informed the RD ERB, Jennifer Redman, that his Position Description (PD) had two jobs associated with his PD. The title of the Plaintiff's PD identifies the Economic and Community Development Policy and Outreach Coordinator (Exhibit 3 page 1). On the other hand, the Plaintiff's job as the Coordinator for Chronically Underserved Rural Areas is identified on page 2 of said PD (Exhibit 3 page 4);

5. Pursuant to RD Instruction 2045-LL in 2021, the Plaintiff informed the RD Management Official, Jacki Ponti, that he was wrongfully reassigned to the RD Innovation Center; and she conspired with RD ERB to force the Plaintiff perform RD Innovation Center functions and when the Plaintiff to performed his OPPE/OAO functions she marked the Plaintiff AWOL; and made him sign-in and sign-out to RD Innovation Center leadership; and (Amended Complaint)

6. Pursuant to RD Instruction 2045-LL in 2023, the Plaintiff informed the RD Management Officials, Jacki Ponti and Daniel Webster, that he was wrongfully reassigned to the RD Innovation Center; and RD ERB required them to **force** the Plaintiff to perform RD Innovation Center functions <u>by making him sign a contract to force him to perform RD Innovation Center functions</u> (Amended Complaint).

The affidavits evidence and the Agency response made a part of this letter and the amended EEO complaint confirms that the aforementioned actions by the Agency were actions of harassment because according to the Agency's response, the Plaintiff's position was not a part of the RD organizational structure (Exhibit Discovery 2 response 11). Accordingly, Jacki Ponti's affidavit response to question 23 confirms that the Plaintiff was performing his OPPE/OAO position as the Coordinator for Chronically Underserved Rural Area (Exhibit 8 Jacki Ponti). Jacki Ponti, RMO statement made a part of the record states that the Plaintiff should be located within the State Operations Office (Exhibit 5 page 36). Angella Denton's affidavit response to question 14 states that her involvement in the reassignment included that the human resource engaged in evaluating the Plaintiff's PD for proper realignment and placement within the RD Innovation Center (Exhibit 12 Denton). According to the law, 7 USC 6941a, the Coordinator for Chronically Underserved Rural Area position must be located within a RD Mission Area (Exhibit 2 page 25) confirms that the RD Innovation Center is not a RD Mission Area as the Agency states that the Innovation Center is located within its own mission area within Rural Development (**Exhibit Discovery 1 response 17**). The Agency response to question #11 confirms that the Plaintiff's Coordinator for Chronically Underserved Rural Areas position is not within the RD organizational structure (Exhibit Discovery 2 response 11). The RD ERD representative, Stephanie Mitchell affidavit response to question 9 states that the Plaintiff's PD was not

compatible to be located within the OEA (Exhibit 15 SM); and her 2022 email to the Plaintiff's first line supervisor Kim Berry confirms that the Plaintiff's PD was not compatible to be located within the RD Innovation Center in 2022 (Exhibit 5 page 23). On the other hand, David Root, the RD ERB Director's affidavit response to question 12 states, "I was not involved with any of the decisions leading to Plaintiff's reassignment."

That said, the above-mentioned RD employees did not have the authority to reassign or realign the Plaintiff because his section 14218 of the Food, Conservation, and Energy Act of 2008 position (Coordinator for Chronically Underserved Rural Areas) was not within the RD organizational structure. Therefore, reassigning the Plaintiff to the RD Innovation and making him sign a contract to perform work within the RD Innovation Center while his functions with OPPE/OAO continued to exist is **an adverse personnel action.**

**As it relates to EEO, the Plaintiff's PD allows for the Plaintiff to:**

Provide expert advice and guidance to the Deputy Under Secretary on the most challenging problems facing an Agency or RD Mission Area, having responsibility for a program of national impact such as justifying on matters involving a significant and controversial program policy (Exhibit 3 page 4);

Contact, advise, and collaborate with high-ranking officials, top Congressional staff officials, state executives, legislative leaders, and executives. Represents the RD Mission Area during national, state, and local conferences, providing information about RD programs (Exhibit 3 page 4);

Per section 14218 of the 2008 Farm Bill, serves as the Coordinator for Chronologically Underserved Rural Areas and provides advice and guidance to the Deputy Under Secretary on the implementation of programs RD has the responsibility;(Exhibit 3 page 4)

Develops regulations, plans and procedures necessary to carry out RD Economic and Community Development outreach actions (Exhibit 3 page 4).

On the other hand, the RD ERB through RD management forced the Plaintiff to cease and desist performing his OPPE/OAO duties identified within his PD and made him sign a contract to manage and maintain the RD Innovation Center Portfolio.  This action by RD ERB creates a tangible change in the Plaintiff's duties and working conditions resulting in a reassignment with significant different responsibilities thus creating an employment disadvantage for the Plaintiff. The Plaintiff's position needs to be a virtual **Senior Leader position according to the Federal Employees Pay Comparability Act of 1990 (FEPCA).**

Accordingly, as it relates to EEO, the Plaintiff received a right to file and filed a complaint on July 2023, related to being forced to perform RD Innovation Center functions by signing a contract. That said, the Plaintiff is requesting the OIG to require the USDA Civil Rights to investigate this matter according to their policy which states that complaints are investigated within 180 days.  However, the actions of the RD ERB have not been investigated to date.  As stated within the amended EEO complaint, a 2021 email from Mitchelle Wert identified Stephanie Mitchell, a representative of RD ERB as the RD Anti-Harassment Complaint Reporting Coordinator and RD Deputy Under Secretary, Farah Ahmad a representative of RD Human Resources Branch was the RD Anti-Harassment Coordinators in her harassment claim before she died.  This relationship conflicts with the RD 2045-LL (e) that requires the RD Anti-Harassment Complaint Coordinator to report harassing acts because, in the Plaintiff's situation, the **harasser is** the RD ERB, RD Anti-Harassment Complaint Coordinator.

Furthermore, as it relates to this duel EEO/OIG complaint, 29 CFR 1614.106(d) states that a Plaintiff may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint. That said, please find attached an amended Reprisal/Harassment Complaint and Exhibits to be submitted to AMEND the July 2023, Reprisal/Harassment Complaint (see attached Amended EEO Reprisal and Harassment Complaint).

This is not pending litigation. The Plaintiff has received the right-to-file in court 2 of the 3 adverse personnel actions as follow: 1. reassignment to OEA (1.23-CV-03166); 2. reassignment to RD Innovation Center (1.23-cv-00140); and 3. signed contract to manage and maintain the RD IC portfolio (???????????); That said, the Agency refuses to investigate the 2023 adverse action requiring the Plaintiff to sign a contract to manage and maintain the RD IC portfolio when his OPPE/OAO functions continued to exist as per his PD (Exhibit 3 page 4).

As it relates to harassment, Misty Giles affidavit response to question 9 states, "….Section 14218 of the Food, Conservation, and Energy Act of 2008 (or Farm Bill) statues are not designed for people, it may create an office but not a person/position; however, we no longer have that office (Office of Outreach) Plaintiff is referring to.  In 2008, Complaint was the Director of that Office, however, that office no longer existed after the reorganization.  Since I have been with RD, I have never been told I was legally required to implement Section 14218 of the Food, Conservation and Energy Act of 2008 (or Farm Bill)." Misty Giles affidavit response to question 11 states, "I made the decision to reassign him based on the recommendations from staff (**Marie Wheat, Director OEA; Jackie Ponti, Director of the Innovation Center; and Angilla Denton, Chief Operating Officer**). Misty Giles affidavit response to question 36 states, "Yes, I do believe removing the Office of Outreach duties from Plaintiff's position **and "forcing" him to perform** OEA functions only to be reasonable and justified based on the realignment of those type functions to the Innovation Center (Exhibit 11 Misty Giles). <u>To that end, the Plaintiff's position was not a part of the RD organizational structure</u> (Exhibit Discovery 2 response 11).

**In conclusion, I am writing this dual harassment complaint** seeking the Office of Inspector General Office of Investigation's <u>expeditious</u>

<u>intervention</u> since these nexus acts of harassment has been taking place for over four years; because the RD Anti-Harassment Policy and Complaint Procedures (RD Instruction 2045-LL) enables the harassing actions within RD because the RD Anti-Harassment Complaint Reporting Coordinator and the RD ERB are the **harassers in this situation**.

Respectfully Submitted,                                                    10/09/2024

**(Exhibit OIG and RD anti-harassment letter)**
Pursuant to RD Instruction 2045-LL

Notification Requirements

1

i. Contact Information for Reporting Individual

**Henry Searcy, Jr.**

ii. Position Title

**Coordinator for Chronically Underserved Rural Areas**

iii.Telephone number

**202 904-9052**

iv. Email address

searcyh@supremese.com

v. Date Reported

November 14, 2024 and **August 6, 2024 and May 2023**

2. Management Official's Knowledge of Alleged Harassment

i. Full Name

**Daniel Webster, Jr**.

ii. Position Title

**Director**

**Strategic Engagement Division**

**Rural Development, Innovation Center**

**U.S. Department of Agriculture**

iii. Telephone Number

(202) 515-6606

iv. Email Address

daniel.webster@usda.gov

v. Date Individual reported allegation

May 2023 and July 2023 and the Plaintiff requested an amended for said action after every quarterly performance appraisal from May 2023 until August 6, 2024.

vi, Date became aware of allegations

May 2023

v. Action taken regarding allegation

NO ACTION as the MAY 2023 harassment complaint was never investigated, instead, the RD ERB required the Plaintiff to sign a contract to perform RD Innovation Center functions when his OAO/OPPE functions continued to exist.

3. Alleged Victim's Contact Information

i. Full Name

Henry Searcy, Jr.

ii. Position Title

Coordinator for Chronically Underserved Rural Areas

iii. Phone number

202 904 -9052

iv. Email Address

searcyh@supremese.com

4. Alleged Harassers

Stephanie J. Mitchell, Esq.

Employee Relations Specialist

Employee & Labor Relations Division

Human Resources Office, Rural Development

United States Department of Agriculture

Phone: 540-656-0519

Email: stephanie.mitchell@usda.gov

David Root

Director, Employee Relations Division

Human Resources Office, Rural Development

USDA

David.Root@usda.gov

(202) 720-0980

Angilla Denton

Angilla.Denton@usda.gov

202 692-4109

Chief Risk Officer

Marie Wheat

Director Office of External Affairs

Marie.Wheat@usda.gov

202 720-1019

Jacki Ponti

Chief Innovation Officer

Jacki.Ponti@usda.gov

202 720-1172

Farah Ahmad

USDA RD Deputy Under Secretary

Farah.Ahmad@usda.gov

202 997-2110

Roger Glendenning

Chief Operating Officer for Rural Development

Roger.Glendenning@usda.gov

(202) 692-0145

5. Action Alleged Victim Took to Confront Alleged Harasser

i. Date Action Initiated

Action Initiated November 15, 2024, related to an administrative action provided by RD on October 31, 2024, and June 23, 2024. Emailed a CEASE-AND-DESIST EMAIL TO THE RD HR DIRECTOR SHEILA WILLIAMSON ON MAY 10, 2023; and October 11, 2024, to Kavin Johnson, Dr. Sharese Paylor and Karen Ward. (Exhibit Harassment October 2024 email)

ii. Complaint filed a Reprisal and Harassment Complaint on MAY 2023 that as of August 6, 2024, AND November 11, 2024, has not been investigated.

6. Describe Alleged Harassment

In May 2023, the RD ERD Stephanie Mitchell and RD HR Management required the Complaint to sign a contract and forced him to perform work within the RD Innovation Center when his OAO/OPPE position functions continued to exist. Said position is not within the RD

organization structure as per Congress' mandate said position is an OAO/OPPE position that is located within a RD Mission Area (Exhibit Discovery 2 response 11).

7, Contact Information for Witnesses

KENYA NICHOLAS

Deputy Director

Office of Partnerships & Public Engagement

Office of the Secretary

Office: 202-720-6350

kenya.nicholas@usda.gov

Daniel Webster, Jr.

**Director**

**Strategic Engagement Division**

**Rural Development, Innovation Center**

**U.S. Department of Agriculture**

iii. Telephone Number

(202) 515-6606

daniel.webster@usda.gov

Jan Turberville

Jan.turberville@usda.gov

202 692-0184

Cathy Davis

Cathy.davis2@usda.gov

202 692-0185

46. On January 15, 2025, the USDA EEO Office issued the Plaintiff the RIGHT-TO-FILE a civil suit related to the aforementioned facts; and On March 6, 2025, the Plaintiff file a Standard Form 95 related to the Federal Tort Claim Act for the amount of $962,000 for each tort as stated below (Exhibit 1 pages 1-7 and pages 8-9).

COUNT  I  -  NEGLIGENCE

47. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 46 of this Complaint with the same effect as if herein fully set forth.

48. That the USDA breached its duty of care with the Plaintiff when four RD employees conspired to reassigned the Plaintiff's CURA position, a position that was not within RD's organizational structure.

49. That the USDA breached its duty of care with the Plaintiff by not locating the Plaintiff's CURA position within a RD Mission Area according to 7 USC 6941a.

50. That the USDA breached its duty of care of the Plaintiff by reassigning the Plaintiff to the OEA then to the RD IC upon management's decision to do away with the RD Office of

Outreach when the Plaintiff's USDA, Departmental Management, Office of Partnerships and Public Engagement, Office of Outreach continued to exist. WHEREFORE, Plaintiff demands judgment against the USDA for damages in the amount of $962,000 for Negligence.

## COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. That the Plaintiff incorporates Paragraphs 1 – 50 herein by reference.

    That the extreme and outrageous conduct on the part of the USDA: 1.) forced the Plaintiff to process, edit, and review RD announcements in OEA when his CURA duties continued to exist; 2.) moved the Plaintiff five times and monitored the Plaintiff in order to require the Plaintiff to perform OEA duties when his CURA duties continued to exist; 3.) forced the Plaintiff to sign a contract to perform RD IC functions when his CURA duties continued to exist.

52. The USDA's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff. WHEREFORE, Plaintiff demands judgment against the USDA for damages in the amount of $962,000 for Intentional Infliction of Emotional Stress.

## COUNT III - SPECIFIC PERFORMANCE

53. That the Plaintiff incorporates Paragraphs 1 - 52 herein by reference.

    That the USDA's disregarded to the Secretary of Agriculture delegation of authority when the USDA charge the Plaintiff to be Absent Without Official Leave (AWOL) for performing his CURA position.

54. That the USDA's disregarded Congress' mandate to provide technical assistance within a RD Mission Area when the USDA required the Plaintiff to sign a contract to perform excel spread sheet functions within the RD IC.  WHEREFORE, the Plaintiff demands judgement against the USDA for damages in the amount of $962,000 for Specific Performance.

## COUNT IV – FALSE IMPRISONMENT

55. That the Plaintiff incorporates Paragraphs 1 - 54 herein by reference.

That the four USDA employee's forced the Plaintiff to work within the OEA then forced the Plaintiff within the RD IC then force the Plaintiff to sign a contract to perform functions of the of the RD IC upon being informed that the Plaintiff's CURA position was not a part of the RD organizational structure.

56. That the USDA's disregarded Congress' mandate to provide technical assistance within a RD Mission Area when the USDA required the Plaintiff to sign a contract to perform excel spread sheet functions within the RD IC.  WHEREFORE, the Plaintiff demands judgement against the USDA for damages in the amount of $962,000 for False Imprisonment.

## COUNT  V  -  HARRASSMENT

57.  That the Plaintiff incorporates Paragraphs 1 - 56 herein by reference.

58. Plaintiff adopts by reference the allegations contained in paragraphs 1-48 of this Complaint with the same effect as if herein fully set forth.

59. That the Plaintiff's section 14218 of the 2008 Farm Bill position was a USDA Departmental Management OPPE/OAO position in which the ASA only has the authority to realign or reassign. The section 14218 of the 2008 Farm Bill position is not a RD position therefore the RD management had no authority to remove the Plaintiff's OAO functions and force him to perform RD OEA functions and RD Innovation Center functions.

60. That the USDA RD management, Misty Giles, Jacki-Ponti, Angilla Denton, and Marie Wheat reassigned the Plaintiff to the RD OEA THEN TO THE RD Innovation Center when his OAO office and his section 14218 of the 2008 Farm Bill position continued to exist. In doing so, the Plaintiff was required to move five times in seven months to require him to perform RD OEA functions and RD Innovation Center functions – functions not a part of the OPPE/OAO organizational structure.

61. That the USDA RD Management, Misty Giles, Jacki-Ponti, Angilla Denton and Marie Wheat had knowledge of the Plaintiff's OAO employment relationship; but instead forced the Plaintiff to perform OEA functions and the functions related to the RD Innovation Center.

62. That the USDA RD management, Angilla Denton, Misty Giles, Jacki-Ponti, and Marie Wheat did not have the authority to reclassify or reassign the Plaintiff's position as the ASA and the Director of OPPE/OAO only has the authority to reclassify and reassign OPPE/OAO position.

63. The Plaintiff's PD has two positions identified. The title of the Plaintiff's PD states that the Plaintiff is performing the functions of the Economic and Community Development Policy and Outreach Coordinator position (Exhibit 3 page 2).  On page 2 of the Plaintiff's PD states "Per section 14218 of the 2008 Farm Bill, serves as the Coordinator for Chronically Underserved Rural Areas and provides advice and guidance to the Deputy Under Secretary on implementation of programs RD has responsibility. "  (Exhibit 3 page 4)

64.  The Plaintiff informed the RD human resources in 2019, 2020, 2021, 2022, and 2023 that his position was not within the RD organizational structure and that he was wrongfully reassigned within RD.  Instead, RD Human Resources, Stephanie Mitchell advised RD management to reclassify and reassign the Plaintiff to cover up the overt wrongful reassignment by RD management, Angilla Denton, Misty Giles, Jacki-Ponti and Marie Wheat did not have the authority to reassign an OPPE/OAO position.  WHEREFORE, Plaintiff demands harassment judgment against the USDA RD for damages of $962,000 for harassment.

## COUNT VI - PUNITIVE DAMAGE

56. That the Plaintiff incorporates Paragraphs 1 – 55 herein by reference.

57.  That the acts of the USDA has required the Plaintiff to work in a prohibited personnel action since 2018, that said USDA actions herein were performed with actual malice and/or reckless indifference to the rights of the Plaintiff.

58.  That the acts of the USDA thwarted a law intended to benefit minority, small,

beginning and limited resource farmer an action that cannot be tolerated in a civilized society and merit the punishment of the USDA which will thereby discourage others from similar actions. WHEREFORE, Plaintiff demands judgment against USDA for damages in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory and punitive damages, exclusive of interest and cost.

RESPECTFULLY SUBMITTED,

HENRY SEARCY, JR., PRO SE

12804 Willow Marsh Lane

Bowie, Maryland 20720

(202)904-9052